38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward RODD, Defendant-Appellant.
 No. 94-3087.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, REAVLEY,[2] and ANDERSON, Circuit Judges.
 
 
 1
 William Rodd, defendant-appellant, conditionally pled guilty to violating 21 U.S.C. 841(a)(1), for his possession with intent to distribute 2.15 kilograms of cocaine. Mr. Rodd entered his conditional plea under Fed.R.Crim.P. 11(a)(2) after the district court denied his pretrial motion to suppress the cocaine found in his car. Mr. Rodd argues that the police lacked probable cause to arrest him and that the evidence found in the subsequent search of his car should have been suppressed. We affirm.
 
 
 2
 Mr. Rodd was arrested upon information provided to the Kansas City Police by Glen R. Jones, who volunteered to cooperate with the police after his arrest for possession of marijuana and cocaine. Mr. Jones informed the police that Mr. Rodd was his cocaine supplier, and that Mr. Rodd planned to travel to Kansas City from Florida with about 2 kilograms of cocaine. In his recorded statement to police, Mr. Jones described Mr. Rodd as a white male, approximately 40 years old and balding with a ring of hair. Mr. Jones added Mr. Rodd drove a blue Cadillac with a vinyl roof and Kansas license plates, and traveled with a blonde cocker spaniel dog. Mr. Jones thought that Mr. Rodd would be at the American Motel in Kansas City on Sunday, October 24, 1993, and that Mr. Jones expected delivery of the cocaine on Monday, October 25, 1993.
 
 
 3
 The police investigated Mr. Jones' story and confirmed that Mr. Rodd owned a 1986 Cadillac with Kansas license plates and that there was a reservation at the American Motel in the name of William Rodd for Saturday, October 23. The motel was placed under police surveillance beginning October 23.
 
 
 4
 At approximately 11:00 p.m. on October 24, Mr. Jones informed police Mr. Rodd was having car trouble and would not arrive in Kansas City until sometime the next day. Mr. Rodd made new reservations at the American Motel for October 25, 1993. Motel employees advised the police of Mr. Rodd's new itinerary.
 
 
 5
 The police renewed their surveillance of the motel on October 25, 1993. Mr. Rodd arrived at approximately 8:30 p.m. that night. The details provided by Mr. Jones about Mr. Rodd's appearance, car, and dog were confirmed by police observation. The police also confirmed with the desk clerk at the motel that he had registered under the name of William Rodd.
 
 
 6
 Mr. Rodd was arrested as he got out of his car in front of his assigned motel room. An officer read him his Miranda warnings and asked permission to search his car. Mr. Rodd verbally consented and also signed a written form consenting to the search. The search recovered approximately 2 kilograms of cocaine hidden underneath the back seat of the Cadillac.
 
 
 7
 We review factual findings made for the disposition of a suppression motion under a clearly erroneous standard and view the evidence in the light most favorable to the trial court's ruling. United States v. Eylicio-Montoya, 18 F.3d 845, 848 (10th Cir.1994); United States v. Swepston, 987 F.2d 1510, 1513 (10th Cir.1993). However, the ultimate question of the reasonableness of a seizure under the Fourth Amendment receives de novo review. 18 F.3d at 848; United States v. Perdue, 8 F.3d 1455, 1462 (10th Cir.1993).
 
 
 8
 Police may arrest a person in public without a warrant if they have probable cause to believe that person committed a felony. United States v. Watson, 423 U.S. 411, 417-24 (1976). The factual predicate necessary for the probable cause determination may be provided by information obtained from an informant and corroborated by police investigation. Illinois v. Gates, 462 U.S. 213 (1983); Draper v. United States, 358 U.S. 307 (1959); Jones v. United States, 362 U.S. 257 (1960). In Gates, the Court held a flexible inquiry should be conducted to take into account an informant's veracity and reliability and the basis for the informant's knowledge. Thus, the test is not mechanically applied. "[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." 462 U.S. at 233.
 
 
 9
 The instant case introduces a slight variation in applying Gates. Mr. Jones, the informant, could have been found at least an accomplice to Mr. Rodd, if not a potential coconspirator, had he not decided to cooperate with the police. More commonly, probable cause cases with informants involve an anonymous tip or an informant who has worked with the police and proven reliable in the past.[3] However, the Gates analysis still applies to these facts.
 
 
 10
 Mr. Jones' status initially calls his veracity and reliability into question. Statements made by accomplices often are treated with some suspicion because their "interested" status may lead to bias, half-truths, or outright falsehoods. However, the detailed inside information he provided to police helps make up for this potential difficulty under the Gates totality of circumstances analysis. As in Gates, Mr. Jones' statement contained, "a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted." 462 U.S. at 245. Combined with the corroboration of Mr. Jones' information provided by the independent police investigation, sufficient "indicia of reliability" exists so that his information could establish probable cause to arrest Mr. Rodd without a warrant.
 
 
 11
 Additionally, the Court's analysis in Draper is instructive. In holding an informant's tip gave the police probable cause to arrest Draper, the Court said: "[The police] had personally verified every facet of the information given him by [the informant] except whether petitioner had accomplished his mission and had the three ounces of heroin on his person or in his bag." Id. at 313.
 
 
 12
 The present case is similar. The police acted upon Mr. Jones' information by placing the American Motel under surveillance only after corroborating his story with independent investigation. Mr. Rodd was arrested only after the police also verified significant details about his physical appearance, his car, and his dog. The missing piece of the puzzle was whether Mr. Rodd did in fact bring cocaine with him from Florida to Kansas City as Mr. Jones had alleged was planned.
 
 
 13
 The difference in this case--that Mr. Jones was an accomplice rather than an anonymous tipster or prior police informant--is only a slight variation on a theme. The corroboration of Mr. Jones' story by police, and their personal observation of Mr. Rodd's arrival at the motel, places this case squarely alongside Draper and Gates. In both of those cases, the Court held that the informant's information combined with the corroboration established by independent police investigation provided sufficient probable cause for arrest. We reach the same conclusion here.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Thomas M. Reavley, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [3]
 See, e.g., Eylicio-Montoya (Identified prior informant); Draper (Same); Gates (Anonymous informant); Alabama v. White, 496 U.S. 325 (1990) (Same in the reasonable suspicion "Terry-stop" context)